a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MANUEL ARIZMENDI-BURGOS, Petitioner | CIVIL ACTION NO. 1:20-CV-0354-P |
| VERSUS | JUDGE DRELL |
| DAVID RIVERA, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Temporary Restraining Order (ECF No. 4) filed by *pro se* Petitioner Manuel Arizmendi-Burgos ("Arizmendi-Burgos") (A#078181263). Arizmendi-Burgos is a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), presently detained at the Pine Prairie Correctional Center in Pine Prairie, Louisiana. ECF No. 3.

Because Arizmendi-Burgos cannot meet the criteria for a temporary restraining order, his Motion (ECF No. 4) should be DENIED.

I. Background

Arizmendi-Burgos is a native and citizen of Mexico. ECF. No. 1-2. He filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) alleging that his detention is unlawful because he was denied proper administrative review in violation of his due process rights. His Petition was served on Respondents, but no answer has been filed to date. ECF No. 8, 9.

## II. Law and Analysis

After filing his Petition, Arizmendi-Burgos filed a Motion for Temporary Restraining Order (ECF No. 4) alleging that he is also entitled to immediate release due to the coronavirus ("COVID-19"). Arizmendi-Burgos alleges that he has chronic sinusitis, severe allergies, and a history of asthma and shortness of breath. ECF No. 4 at 1.

A temporary restraining order ("TRO") is a form of equitable injunctive relief that preserves the status quo of the parties until there is an opportunity to hold a full hearing on an application for a preliminary injunction. *Atakapa Indian de Creole Nation v. Louisiana*, 18-CV-0190, 2019 WL 660558, at *1 (W.D. La. Jan. 11, 2019) (citing Fed. R. Civ. P. 65(b)). Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as
follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

A TRO may be granted only if the movant satisfies four requirements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the

defendant; and (4) that the injunction will not disserve the public interest." *Sunbeam Products, Inc. v. West Bend Co.*, 123 F.3d 246, 250 (5th Cir. 1997); *see also Parker v. Ryan*, 960 F.2d 543, 545 (5th Cir. 1992) ("[T]he requirements of rule 65 apply to all injunctions.") (citing Fed. R. Civ. P. 65)). Failure to establish any of these elements results in the denial of the motion for injunctive relief. *Guy Carpenter & Co. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003) (citation omitted). Such relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. *See Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citation omitted).

Arizmendi-Burgos cannot establish a substantial threat that he will suffer irreparable injury if injunctive relief is denied.

The United States Court of Appeals for the Fifth Circuit has stated that "COVID-19 poses risks of harm to all Americans." *Valentine v. Collier*, No. 20-20207, 2020 WL 1934431, at *5 (5th Cir. Apr. 22, 2020). At present, COVID-19 remains medically "incurable" in the sense that "[t]here are no drugs or other therapeutics . . . approved by the . . . [(FDA)] to prevent or treat COVID-19."[1] COVID-19 appears to be highly infectious and transmissible, particularly where people are in close physical proximity with one another.[2]

---

[1] *See CDC Information for Clinicians on Investigational Therapeutics for Patients with COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/hcp/therapeutic-options.html (last visited May 28, 2020).

[2] *See How COVID-19 Spreads*, available at https://www.cdc.gov/coronavirus/2019-ncov/faq.html#Coronavirus-Disease-2019-Basics (last visited May 28, 2020).

Significantly, "older adults [age 65 and older] and people of any age who have serious underlying medical conditions might be at higher risk for severe illness from COVID-19."[3] Underlying medical conditions may include: (1) chronic lung disease; (2) moderate to severe asthma; (3) serious heart conditions; (4) immunocompromising conditions, including cancer treatment, smoking, bone marrow or organ transplantation, immune deficiencies, poorly controlled HIV or AIDS, and prolonged use of corticosteroids and other immune weakening medications; (5) severe obesity; (6) diabetes; (7) chronic kidney disease undergoing dialysis; and (8) liver disease.[4]

Arizmendi-Burgos alleges that the risk of contracting COVID-19 "in a congregate setting is just too high and unavoidable." ECF No. 4 at 1. According to its website, ICE has identified 32 cases of COVID-19 at Pine Prairie Detention Center, where Arizmendi-Burgos is presently detained.[5] The Court recognizes the risk to all prisoners and detainees. But a petitioner's claims must be distinct in some respect. *See Martinez Franco v. Jennings*, No. 20-CV-02474-CRB, 2020 WL 1976423, at *3 (N.D. Cal. Apr. 24, 2020) ("Franco does not identify, and the Court has not seen, a case finding that increased likelihood of contracting the virus rendered unconstitutional the detention of a person without underlying medical conditions or some other vulnerability."). The Fifth Circuit has explained that "[t]he 'incidence of

---

[3] *People Who Are at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited May 28, 2020).

[4] *See id.*

[5] https://www.ice.gov/coronavirus (last visited May 28, 2020).

4

diseases or infections, standing alone,' do not 'imply unconstitutional confinement conditions, since any densely populated residence may be subject to outbreaks.'" *Valentine v. Collier*, No. 20-20207, 2020 WL 1934431, at *3 (5th Cir. Apr. 22, 2020) (quoting *Shepherd v. Dallas Cty.*, 591 F.3d 445, 454 (5th Cir. 2009)). This Court has already concluded the same: "[P]risoners are not entitled to release or transfer based solely on generalized COVID-19 fears and speculation." *Riggs v. Louisiana*, No. CV 3:20- 0495, 2020 WL 1939168, at *2 (W.D. La. Apr. 22, 2020).[6] Otherwise, the claims of any prisoner or detainee would be equally meritorious – or equally meritless – notwithstanding their individual situations. That result would be untenable.

Arizmendi-Burgos alleges that he is at risk for contracting COVID-19 due to his medical conditions, and he cites *Malam v. Adducci*, 20-10829, 2020 WL 1672662, at *1 (E.D. Mich. Apr. 5, 2020), as amended (Apr. 6, 2020) in support of his claim. However, the petitioner in *Malam* suffered from a number of health conditions, including: multiple sclerosis; bipolar disorder; anemia; essential primary hypertension; hypothyroidism; chronic obstructive pulmonary disease; fibromyalgia; mild cognitive impairment; carpal tunnel syndrome; severe major depressive disorder; opioid addiction; nicotine dependence; and polyneuropathy. *Id.* Arizmendi-Burgos, on the other hand, allegedly suffers from chronic sinusitis, severe allergies,

---

[6] And so have many others. *See, e.g., United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) ("Defendant cites no authority for the proposition that the fear of contracting a communicable disease warrants a sentence modification."); *Saillant v. Hoover, et al.*, No. 1:20-CV-00609, 2020 WL 1891854, at *5 (M.D. Pa. Apr. 16, 2020) (denying habeas relief in part because the petitioner sought habeas corpus relief merely because he was "detained and subjected to a generalized risk of contracting COVID-19").

and has experienced asthma and shortness of breath in the past. ECF No. 4 at 1. Arizmendi-Burgos does not allege that he has been diagnosed with or is currently experiencing "moderate to severe asthma," or any of the other medical conditions identified by the CDC that might increase his risk for severe illness from COVID-19. Additionally, Arizmendi-Burgos does not allege that he was directly exposed to the disease. Finally, in the five weeks since his Motion (ECF No. 4) was filed, Arizmendi-Burgos has remained healthy according to the record before the Court.

Accordingly, Arizmendi-Burgos's Motion (ECF No. 4) does not establish a substantial threat that the he will suffer irreparable injury if injunctive relief is denied.

### III. Conclusion

Because Arizmendi-Burgos does not meet the criteria for injunctive relief, IT IS RECOMMENDED that his Motion for Temporary Restraining Order (ECF No. 4) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 29th day of May 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE